By the Court.—Barbour, Ch. J.
This action was brought to recover damages for injuries to the person of the plaintiff, claimed to have been caused by the negligence of the defendants in the management of one of their street railroad cars, upon which the former was a passenger.
*331 It appeared upon the trial, that the plaintiff, an old lady, entered the car in Seventh-avenue, near Twenty-sixth-street, intending to go to the Central Park. When the car arrived at a switch, near Fifty-third rstreet, it was stopped to enable the passengers to alight and take another car, and while it was so stopped, the horses were transferred from the northern end of the car to its southern end, and were then started to draw the car that way ; soon after which, the plaintiff received the injuries in question. '
The plaintiff testified that she supposed, at first, that the car had merely stopped there to let off a passenger, but in seeing that the horses had been taken from the north end of the car, and were passing towards the other end of it, she got on her feet to go out before they should start back. Her statement in regard to the particular manner in which the injuries were received by her, was as follows : “ When I came convenient to the door, the horses started quickly, and knocked me against the iron that lay at the dashboard. Then I thought to catch hold of the dashboard, but I missed it, and I went into the street.” . . “I was not exactly out; I was pitched out against the platform; I was within less than one step from the door when the horses started ; just opposite the door, very convenient to it.” . . “ I was within less than one step out; I was just going out of the door, and then they started very fast.” . . “ My right side struck against the railing that run across the dashboard; I am sure I struck my right side.” * * “/ hind of thought 1 would mahe something, but there was nothing for meto getbut to get the street, and I got the street; when I struck against the iron, I tried to get hold of something, but could not, and the next thing, I found myself in the street. I fell on the the left side of the street going down.”
The plaintiff did not testify, directly, that she was thrown from the car, or fell from it, either because of *332 the starting of the horses, or otherwise ; nor, it appears to me, can it necessarily or even properly be inferred from the facts detailed by her, that she did fall or was thrown from the ear to the street, and thus received her injuries. She merely stated, that after being thrown against the dashboard, she tried to catch hold of something, but could not, and “ went into the street,” . . . “got the street,” . . “found her self in the street.”
It is impossible to determine from these statements of the plaintiff, whether she believed, when thus testifying as a witness, that she was thrown over the dashboard, as charged in her verified complaint, or that she was thrown into the street through the eastern gangway, or that, in her fright and excitement, she jumped or stepped off from the car, or whether, in fact, she was unable to state, when testifying, how she reached the the street. Her answer, “I tried to get hold of something, but could not, and the next thing I found myself in the street,” taken in connection with the fact that she failed to explain the manner in which she reached the street, from the place where she collided, with the dashboard, seems to sustain the theory that she did not remember, or was ufiable to state how it was done. Be that as it may, however, it is certain that the plaintiff did not testify that she was thrown off the car by the starting of the horses ; and I think it may safely be assumed, that she did not state facts upon her examination,.which were sufficient to prove that such was the case.
Indeed,.I am fully satisfied, from a careful examination of the entire case, that the evidence given upon the trial was sufficient, not only to establish the fact that the plaintiff was not thrown from the car by the the starting of the horses, but that she must have jumped or stepped off, of her own volition, after the car was in motion. For, she was so thrown out of the car, through the northern doorway, that her right side *333 struck against the dashboard, and she fell upon the •street on the eastwardly side of the car. IN ow, if she had fallen backwards towards the east, after striking the dashboard opposide the door, and had landed upon the ground, her head and shoulders would have received the injury, and not her leg and ankle; and yet, the upper part of her person was unhurt. But, the point where she struck the dashboard, must have been so far from the eastern side of the car, as to render it impossible for her to fall from that point into the street; and such a fall, too, it may be observed incidentally, would have been at a right angle with the line of propulsion. It appears to me, therefore, that the plaintiff must have taken some steps towards the eastern side of the car, before she fell; and I see no way of accounting for the breaking of her leg, and dislocation of her ankle, unless the last of those steps was from the car to the ground. If that step was taken while the car .was in motion, it may well be, that the injuries to her leg and ankle were caused thereby.
The theory that the plaintiff fell immediately upon striking the dashboard, or that such fall was the direct consequence of the starting of the horses, was further disproved by the evidence of her own witness, Ketchell, who stated that he saw her standing upon the rear platform, after the car had started to go back ; by the testimony of Yosburgh, who stated that he saw the old lady standing on the rear of the car, and apparently waiting to get off, and shortly afterwards saw her lying in the street; and by that of the witness Waterman, who testified that he saw her upon the street as the car was moving off, and saw her take a step, stumble, and fall there. The plaintiff, therefore, failed to prove, upon the trial, that the injuries of which she complained were caused by the starting of the horses.
Besides, even conceding for a moment, that the injuries complained of were caused directly by the start *334 ing of the horses, I see no reason for imputing to the defendants any negligence or want of care, in starting the horses, even though the plaintiff was standing or walking in the car, but within reach of the door. It is one of the customary and usual incidents of travel on all the street railroads, and cannot be considered negligence, per se. But, if there was negligence of the company in this regard, there was also some negligence on the part of the plaintiff, which contributed to the accident. For she saw the horses going to the southern end of the car, and got up to go out, as she testified, “ before they would start back.” She was, therefore, aware- that they were about to start back, and, as a careful, prudent woman, ought to have guarded against a fall, either by putting her hand upon the door casing, or otherwise. In a word, if it was negligence on the the part of the defendants, to start the horses while the plaintiff was walking in the car, it was equally negligence on her part to walk there when she knew they were about to start.
1 am, therefore, of opinion that the court erred in refusing to dismiss the complaint, after the proofs were closed, and in submitting the case to the jury; and,, for that reason, I think the judgment ought to be reversed, and a new trial directed, with costs to abide the event.